# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| **SALGADO ARAUJO,** | ) | |
| **Victor Hugo** | ) | |
| *Petitioner*, | ) | **Civil Action No.** |
| **v.** | ) | |
|  | ) | |
| **Todd Blanche,** | ) | **APPLICATION AND MOTION TO** |
| **Acting Attorney General of the** | ) | **PROCEED UNDER SEAL PURSUANT** |
| **United States of America,** | ) | **TO LOCAL RULE 83.6(A)** |
|  | ) | |
| **Markwayne Mullin,** | ) | |
| **Secretary of the Department of** | ) | |
| **Homeland Security, (DHS),** | ) | |
|  | ) | |
| **David Venturella,** | ) | |
| **Acting Director,** | ) | |
| **United States Immigration and** | ) | |
| **Customs Enforcement (ICE),** | ) | |
|  | ) | |
| **Bret Bradford** | ) | |
| **Field Office Director,** | ) | |
| **Houston Field Office,** | ) | |
| **United States Immigration and** | ) | |
| **Customs Enforcement (ICE) and,** | ) | |
|  | ) | |
| **John Doe** | ) | |
| **Warden of the** | ) | |
| **Montgomery Processing Center** | ) | |
| *Respondents*. | ) | |
|  | ) | |

**TO THE HONORABLE MISCELLANEOUS JUDGE**

Petitioner respectfully submits this Application and Motion to Proceed Under Seal pursuant to Southern District of Texas Local Rule 83.6(A), and to file the accompanying Petition for Writ of Habeas Corpus and supporting exhibits under seal. In support, Petitioner shows the Court as follows:

## 1.    Nature of the Application

Petitioner is filing, concurrently with this Application, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and supporting exhibits (collectively, the "Sealed Materials"). Because the Sealed Materials are being submitted for initial filing, and because Petitioner seeks to have the entire case file sealed at the outset, this Application is presented to the Clerk and the miscellaneous judge in accordance with Local Rule 83.6(A), rather than as a motion filed in an already-assigned civil action.

## 2.    Grounds for Sealing

Petitioner is a key eyewitness to a shooting committed by U.S. Immigration and Customs Enforcement ("ICE") personnel on July 7, 2026 in  Houston, Texas. This incident forms the direct factual context for Petitioner's present detention and this *habeas* action. On information and belief, that shooting remains under active investigation by several agencies, including the FBI, Texas Rangers, Harris County District Attorney's Office, and several others. Public disclosure of Petitioner's identity, whereabouts, and the factual detail of the Petition would:

   a.  expose Petitioner, as a key witness to the shooting, to a serious and particularized risk of retaliation or intimidation;

   b.  expose Petitioner's family and friends to a serious and particularized risk of retaliation or intimidation;

   c.  risk compromising the integrity of the ongoing investigations into the shooting by various agencies such as the FBI, Texas Rangers, Harris County District Attorney's Office, and so forth; and

   d.  disclose sensitive identifying information, including Petitioner's alien registration number and personal identifiers, the public disclosure of which

serves no legitimate public interest sufficient to outweigh the harm that sealing is intended to prevent.

### 3.    The Requested Sealing is Broadly Tailored

Petitioner recognizes the strong presumption of public access to judicial records, and that sealing requires the finding of compelling countervailing interests outweighing that presumption. *See Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 416, 421 (5th Cir. 2021). That standard is met here.

The sensitive facts in this case, such as Petitioner's status as a key eyewitness to an ICE-related shooting, the active investigations around said shooting, Petitioner's personal identifiers, and any related details, are not confined to discrete exhibits or paragraphs. Rather, they run throughout the Petition's factual narrative, to where redaction or partial sealing would be impractical. To redact or partially seal, would either leave the protected information discoverable through context and inference, or fragment the record to the point of unintelligibility.

Petitioner therefore requests that the Petition, accompanying exhibits, and the entirety of the *habeas* docket be sealed for the aforementioned reasons.

### 4.    Compliance with Local Rule 83.6(A)

Consistent with Local Rule 83.6(A), Petitioner has submitted this Application together with the Petition and accompanying exhibits using the Court's electronic sealed-filing procedure (filed electronically in lieu of a physical, sealed envelope, consistent with the Court's current electronic filing procedures), for assignment of a miscellaneous case number and review by the miscellaneous judge, prior to the drawing of a civil action number and random assignment to a district judge.

**PRAYER**

WHEREFORE, Petitioner respectfully requests that the Court:

a.  GRANT this Application and Motion to Proceed Under Seal;

b.  ORDER that the Petition for Writ of Habeas Corpus and accompanying exhibits be filed and maintained under seal pending further order of the assigned district judge;

c.  ORDER the sealing of the docket in its entirety; and

d.  ORDER that, upon ruling on this Application, the case file be returned to the Clerk for the drawing of a civil action number and random assignment to a district judge in accordance with Local Rule 83.6(A).

Dated: July 17, 2026

*/s/ Ruby L. Powers*
Ruby L. Powers
Texas Bar No. 24057581
Powers Law Group, P.C
1311 Enid Street
Houston, Texas 77009
Tel. (713) 589-2085
Fax. (713) 589-3101